IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY JOEL CASAS, | § | |
| TDCJ #1126455, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3449 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| Director, Texas Department of | § | |
| Criminal Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent.[1] | § | |

## MEMORANDUM AND ORDER

Anthony Joel Casas, an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division, has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254.  Casas challenges his guilty plea and conviction for two counts of aggravated robbery with a deadly weapon.  The respondent, the Director of the TDCJ, has moved for summary judgment, arguing that Casas is not entitled to federal habeas corpus relief.  (Docket Entry No. 14).  Casas has filed a reply and a motion for an evidentiary hearing.  (Docket Entry Nos. 18, 19, 20).

---

[1]      On June 1, 2006, Nathaniel Quarterman replaced the former respondent, Douglas Dretke, as Director of the Texas Department of Criminal Justice - Correctional Institutions Division.  Under Rule 25(d) of the Federal Rules of Civil Procedure, the court automatically substitutes Quarterman as the proper respondent in this action.

Based on the pleadings, the motion and response, the record, and the applicable law, the court grants the respondent's motion and dismisses this case. Final judgment is entered by separate order. The reasons are set out below.

## I.    Background

Casas is presently in the custody of the TDCJ under two criminal convictions for aggravated robbery with a deadly weapon. The first conviction stems from his indictment in Cause No. 899400, which alleged that Casas intentionally and knowingly placed the victim, Mary Lozano, in fear of imminent bodily injury and death on or about January 10, 2002, by using a knife during the course of committing a theft. The second conviction arises from his indictment in Cause No. 899420, which alleged that Casas intentionally and knowingly placed another victim, Angie Smith, in fear of imminent bodily injury and death on another occasion, on or about January 12, 2002, by using a knife during the course of committing a theft.

The State offered Casas a fifty-year sentence in exchange for a guilty plea to both indictments. Casas rejected that offer. Instead, Casas agreed to enter a guilty plea in both cases without a recommendation from the State as to punishment and to have the sentence determined by the trial court after a presentence investigation. On April 23, 2002, in the 263rd District Court of Harris County, Texas, Casas entered his plea. The trial court admonished Casas that, because both offenses were first-degree felonies, he faced a potential sentence of life in prison or imprisonment for a term of not more than ninety-nine years or less than five years. *See* TEX. PENAL CODE §§ 12.32, 29.03. After Casas assured the trial

2

court that he understood the consequences of his plea and that his decision to plead guilty was voluntary, the trial court accepted Casas's guilty plea and ordered a presentence investigation.

The record shows that the trial court held a hearing after the presentence investigation report was complete. That report details Casas's violent assaults on the victims. It also details his criminal history, including prior convictions for assaulting a peace officer, criminal mischief, resisting arrest, possession of marijuana, and public intoxication. *See Supplemental Clerk's Record*, Pre-Sentence Investigation Report.

Both of the victims, Lozano and Smith, testified at the sentencing hearing. They described the vicious nature of the attacks. Both victims testified that Casas struck them repeatedly. Smith stated that Casas stabbed her repeatedly as he demanded her purse and threatened to kill her. Lozano testified that Casas also threatened to kill her as he struck her numerous times with his fists before stabbing her in the face, while taking her purse. Both women testified that they believed they would die. Both suffered serious physical injuries and emotional trauma.

Casas testified on his own behalf. Casas admitted that he stabbed both victims, but explained that he was on drugs at the time. On cross-examination, Casas further conceded that he had poor anger-management skills. Casas's counsel argued for a fifteen-to-twenty year sentence. After considering the presentence investigation report and the testimony presented at the hearing, however, the trial court sentenced Casas to serve concurrent terms of seventy-five years in each case.

After the court imposed the sentence, Casas filed a motion for new trial in each case, alleging that he had received ineffective assistance of counsel in connection with his punishment proceeding and that his guilty plea was invalid as a result.  The trial court denied the motion after a hearing, at which it considered affidavits from Casas, his trial counsel (Robert Scott), and the probation officer who prepared the presentence investigation report (Janis Barnard).  *See Court Reporter's Record*, Motion for New Trial, Sept. 12, 2002.

Casas reurged his ineffective-assistance claims on direct appeal, complaining that he was denied effective assistance of counsel because his trial attorney failed to: (1) advise Casas about the disadvantages of a presentence investigation; (2) ask the State for a "cap" on the potential sentence; (3) pursue a motion to suppress the confession on the grounds that Casas was under the influence of narcotics and had been beaten (by someone other than the police) before making his statement; and (4) prepare for the sentencing hearing by visiting Casas in jail and by investigating a "list of references" provided by Casas.  The state intermediate court of appeals described the factual basis for rejecting these claims:

> In his controverting affidavit, Scott stated that he had spoken with [Casas] about the punishment range for the offenses.  He reviewed the State's file and was familiar with the facts. [Casas] was very cooperative with Scott and never denied his guilt.  [Casas] maintained his guilt and did not want to go to trial.  Scott explained [Casas's] options to him, and [Casas] chose to have a PSI hearing to assess punishment.  Scott stated that there was never any discussion about a "cap" on [Casas's] punishment with [Casas], and therefore that information was not conveyed to the district attorney.  Scott talked to [Casas] about [Casas's] confession, and [Casas] never indicated that the confession was anything but voluntary.   [Casas] never mentioned that he had been under the influence of narcotics

while giving his statement or that he had been beaten prior to giving the statement. Scott informed [Casas] of the purpose of the PSI hearing and what it entailed. He also explained to [Casas] that he needed information from him about his background. [Casas] never gave any such information to Scott, and Scott never received any information from elsewhere that could be included in the PSI report. [Casas] reviewed the final report and made no corrections or additions to it.

[Janis] Barnard, the pre-sentence investigator, stated in her affidavit that she clearly informed [Casas] he should submit references or character letters from friends and family and that it was his responsibility to do so. She gave [Casas] her mailing address and facsimile number and told him that she would accept the letter by mail, facsimile, or in person. She gave the same information to Scott. She never received any letters from [Casas] or from any friends or family members.

*See Casas v. State*, Nos. 01-02-00797-CR & 01-02-00798-CR, slip op. at 4-5 (Tex. App.— Houston [1st Dist.] July 3, 2003, pet. ref'd) (unpublished). Based on these findings, the state court of appeals concluded that Casas's ineffective-assistance claims lacked merit and affirmed both convictions.[2] *See id.*, slip op. at 8.

Casas filed two identical applications for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. In those applications, Casas consolidated the claims that he had raised in his motion for new trial and direct appeal, arguing that he was

---

[2] In Texas, as in federal court, the record on direct appeal typically is considered insufficient to review claims of ineffective assistance of counsel. *See United States v. Miller*, 406 F.3d 323, 335-36 (5th Cir.), *cert. denied*, — U.S. —, 126 S. Ct. 207 (2005); *Thompson v. State*, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999). A habeas corpus proceeding, and not a direct appeal, generally is the preferred method for raising a claim of ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 503-04 (2003); *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002). The state court of appeals considered the merits of Casas's ineffective-assistance claims in this instance because he had presented them previously in a motion for new trial.

entitled to relief because he was denied effective assistance of counsel and that his guilty plea was invalid as a result of his trial attorney's deficient representation. The state habeas corpus court—the same court that heard the guilty plea, the sentencing, and the motion for new trial, addressed the claims and entered findings of fact and conclusions of law recommending denial of the applications. The Texas Court of Criminal Appeals agreed and denied habeas corpus relief without a written order. *See Ex parte Casas*, Nos. 61,449-01 & 61,449-02 (Tex. Crim. App. July 27, 2005).

Casas now seeks a federal writ of habeas corpus under 28 U.S.C. § 2254. He presents grounds for relief similar to those raised and rejected in state court. Liberally construed, Casas complains that he was denied effective assistance of counsel because his attorney failed to do the following: (1) to investigate, pursue a defense, or acquire a "firm command" of the facts and the applicable law; (2) to ask the State for a "cap" on his potential sentence before the presentence investigation; and (3) to file a motion to suppress his confession. The respondent has filed a motion for summary judgment, arguing that Casas is not entitled to relief on any of his claims. Casas has filed a response, a motion to correspond with another inmate, and a motion for an evidentiary hearing. The motions and responses are analyzed below.

## II.    The Legal Standards

### A.    Summary Judgment

The respondent's summary judgment motion is governed by Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, a court must determine whether "the pleadings,

6

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  The burden is on the moving party to show that "there is an absence of evidence to support the nonmoving party's case." *Freeman v. Tex. Dep't of Crim. Justice*, 369 F.3d 854, 860 (5th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Once the moving party meets its initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e).  To survive summary judgment, the nonmovant must submit or identify evidence in the record to show the existence of a genuine issue of material fact as to each element of the cause of action. *See Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citation omitted).  All facts and inferences are viewed "in the light most favorable to the nonmoving party." *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005) (citation omitted).  "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Id.* (citation omitted).  "A fact issue is material if its resolution could affect the outcome of the action." *Id.* (citation omitted).

Casas is proceeding *pro se.*  Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972).  Under this standard, pleadings filed by a *pro se* litigant are construed liberally. *See id.* at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).  Nevertheless, "the notice

7

afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992); *see also Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265 (5th Cir. 1999) (unpublished table opinion) ("Although the pleadings filed by *pro se* parties are held to 'less stringent standards than formal pleadings drafted by lawyers,' *pro se* parties must still comply with the rules of procedure and make arguments capable of withstanding summary judgment.").

### B.    Habeas Corpus Review Under 28 U.S.C. § 2254(d)

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254(d), applies to this case. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (holding that the AEDPA applies to those habeas corpus petitions filed after its effective date of April 24, 1996). The AEDPA "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000), *cert. denied*, 532 U.S. 1067 (2001). The AEDPA sets forth a "highly deferential standard for evaluating state-court rulings . . ., which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).

For claims adjudicated on the merits, the AEDPA provides that a petitioner is not entitled to relief unless the state court's ultimate decision:

> 1.    was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.      was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (observing that the AEDPA standard is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning") (citation omitted), *cert. denied*, 535 U.S. 982 (2002). Claims presenting pure questions of law and mixed questions of law and fact are governed by § 2254(d)(1). *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001). Section 2254(d)(2) governs pure questions of fact. *See id.* A state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence."[3] *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).

---

[3] The Fifth Circuit has clarified that, while the Federal Rules of Civil Procedure generally apply "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir.), *cert. denied*, 531 U.S. 831 (2000), Rule 56 applies only to the extent that it does not conflict with the habeas rules. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases in the District Courts). In particular, the presumption of correctness found in § 2254(e)(1) overrides the ordinary rule that, in a summary-judgment proceeding, all disputed facts must be construed in the light most favorable to the nonmoving party. *See id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *See id.*

Because the claims at issue were adjudicated on the merits in state court, the AEDPA standard applies. *Compare Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (noting that, under Texas law, a denial of relief rather than a dismissal of the claim by the Court of Criminal Appeals disposes of the merits of a claim) *with Fisher v. Texas*, 169 F.3d 295, 300 (5th Cir. 1999) (concluding that when a state habeas corpus court rejects a petitioner's claim on procedural grounds, there has not been an "adjudication on the merits" as contemplated by the AEDPA). The petitioner has the burden to show that he is entitled to relief under this highly deferential framework. *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002). The petitioner's claims are discussed below.

## III.    Analysis

### A.    The Claims Relating to the Guilty Plea

As a general rule, "[a] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). "[A] plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). A guilty plea may be challenged if it was made on the constitutionally defective advice of counsel or the defendant could not have understood the terms. *See id.* (citing *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).

Casas claims that his guilty plea was involuntary because his counsel failed to conduct an adequate investigation or acquire a "firm command" of the facts or the law, failed to request a "cap" on the punishment, and failed to challenge the confession. These allegations

10

do not form a valid basis for challenging the guilty plea because they do not allege that Casas pleaded guilty based on deficient advice from counsel or that Casas failed to understand the terms of his plea bargain. *See Bradshaw*, 542 U.S. at 186. Because Casas's ineffective-assistance claims do not implicate his decision to enter a guilty plea, his claims are waived by his voluntary plea. *See Tollett*, 411 U.S. at 267; *see also United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir.), *cert. denied*, 531 U.S. 919 (2000).

The record also refutes Casas's claim that his guilty plea was involuntary or unknowingly made. Casas signed a written "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" in both of the criminal cases. *See Ex parte Casas*, Nos. 61,449-01 & 61,449-02 at 37-38. In each written waiver, Casas admitted that he unlawfully, intentionally, and knowingly placed the victims in fear of imminent bodily injury and death by using and exhibiting a deadly weapon—a knife—during the course of committing theft. *See id*. Each waiver is signed by Casas, his attorney, the prosecutor, the clerk of court, and the trial judge, who stated as follows:

> This document was executed by the defendant, his attorney, and the attorney representing the State, and then filed with the papers of the case. The defendant then came before me and I approved the above and the defendant entered a plea of guilty. After I admonished the defendant of the consequences of his plea, I ascertained that he entered it knowingly and voluntarily after discussing the case with his attorney. It appears that the defendant is mentally competent and the plea is free and voluntary. I find that the defendant's attorney is competent and has effectively represented the defendant in this case. I informed the defendant that I would not exceed the agreed recommendation as to punishment.

11

*See id*. at 38.  Casas does not dispute that he signed the written waivers voluntarily.

In addition to the written waivers, the record contains detailed admonishments given to Casas.  Those written admonishments describe the offenses, the range of punishment, the defendant's rights, and various waivers.  Each waiver is initialed "A.C.," Anthony Casas.  *See Ex parte Casas*, Nos. 61,449-01 & 61,449-02 at 39-44.  Casas stated in writing that he understood the admonishments and that he was aware of the consequences of his plea.  *See id.* at 42.  He stated that his guilty plea was "freely and voluntarily made" and that he was satisfied with the representation by his counsel.  *Id.*

Casas does not dispute that he read the admonishments and voluntarily signed them.  He states that his counsel "rushed" him through the process.  The record refutes any suggestion by Casas that his attorney failed adequately to explain the waivers and admonishments.  In addition to the written waivers and admonishments, the record in this case contains a transcript of the guilty plea proceeding.  In that hearing, Casas confirmed his intention to plead guilty and stated that his decision to do so was voluntary and that he arrived at this decision after conferring with his counsel.  The record contains the following exchange:

> COURT:   Mr. Casas, you have signed a document that waives your right in these cases [to] trial by jury.  You are waiving your right by signing these documents to have your attorney confront any witnesses the State would call to testify against you regarding allegations in one case of aggravated robbery and another case of aggravated robbery and in both  cases, these documents, you have signed . . . a confession that say[s] that you are indeed

| | | guilty of the offenses of aggravated robberies; do you understand that? |
|---|---|---|
| CASAS: | | Yes, Sir. |
| COURT: | | How do you plead: guilty or not guilty? |
| CASAS: | | Guilty, Sir. |
| COURT: | | Has anybody forced you or threatened you to get you to plead guilty? |
| CASAS: | | No, Sir. |
| COURT: | | Did your attorney read the two documents [the waiver and the admonishments] over with you? |
| CASAS: | | Yes, Sir. |
| COURT: | | *Did he explain them to your satisfaction*? |
| CASAS: | | *Yes, Sir*. |
| COURT: | | Very well.  I accept [the guilty plea]. |

*Court Reporter's Record*, Trial on Merits, April 23, 2002, at 3-4 (emphasis added).  Based on this record, the state habeas corpus court found that Casas's guilty plea was "knowingly and voluntarily entered."  *Ex parte Casas*, Nos. 61,449-01 & 61,449-02 at 23.

The record in this case contains numerous assurances by Casas that his decision to accept the State's plea-bargain offer without an agreed recommendation as to sentencing, with sentencing to follow a presentence investigation, was both knowing and voluntary.  A defendant's solemn declarations of voluntariness in pleading guilty, made in open court, carry a "strong presumption of verity."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977);

13

*Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986). Casas's conclusory allegations are not sufficient to rebut this presumption. *Ross v. Estelle*, 694 F.2d 1008 (5th Cir. 1983); *Babb v. Johnson*, 61 F. Supp. 2d 604, 606 (S. D. Tex. 1999).

Casas has failed to demonstrate that the state court's decision to uphold his guilty plea was contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent. Nor has Casas shown that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented. Casas is not entitled to relief from his guilty plea under 28 U.S.C. § 2254(d)(1) or § 2254(d)(2).

Because Casas cannot show that his plea was involuntary, that plea waives all nonjurisdictional challenges. *See Mabry*, 467 U.S. at 508. This includes the ineffective-assistance claims that do not implicate the voluntariness of his guilty plea. *See Tollett*, 411 U.S. at 267; *Glinsey*, 209 F.3d at 392. Alternatively, to the extent that they are not waived, Casas's claims are without merit.

### B.     The Ineffective Assistance of Counsel Claims

Casas alleges that both of his convictions should be set aside because he was denied his right to effective assistance of counsel. The state courts rejected these allegations in denying his motion for new trial and direct appeal. In the appeal, the state court concluded that none of his claims had merit. *See Casas v. State*, Nos. 01-02-00797-CR & 01-02-00798-CR, slip op. at 8 (Tex. App.—Houston [1st Dist.] July 3, 2003, pet. ref'd) (unpublished). His allegations of ineffective assistance were also rejected on state habeas review. The state habeas court found that Casas had failed to show that his counsel's conduct fell below an

14

objective standard of reasonableness or that, but for counsel's alleged deficient conduct, there was a reasonable probability that the result of the proceeding would have been different. *See Ex parte Casas*, Nos. 61,449-01 & 61,449-02 at 23. Because ineffective assistance of counsel presents a mixed question of law and fact, Casas must demonstrate that the state court's decision was contrary to or involved an unreasonable application of "clearly established Federal law" to show a basis for federal habeas relief.[4] *See* 28 U.S.C. § 2254(d)(1); *Virgil v. Dretke*, 446 F.3d 598, 604 (5th Cir. 2006).

The Supreme Court has recognized that the Sixth Amendment guarantees criminal defendants the effective assistance of counsel at trial. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). To establish ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must satisfy the two-prong test established by *Strickland v. Washington*, 466 U.S. 668 (1984) by demonstrating that: (1) counsel's performance was deficient; and (2) the deficiency prejudiced his defense. Failure to prove either prong of the *Strickland* test will defeat an ineffective-assistance claim. *See Leal v. Dretke*, 428 F.3d 543, 548 (5th Cir. 2005) (citing *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998)), *cert. denied*, — U.S. —, 126 S. Ct. 1771 (2006).

---

[4] The Supreme Court has clarified that "clearly established Federal law" or precedent for purposes of § 2254(d)(1) "refers to the holdings, as opposed to the dicta," of decisions from the United States Supreme Court "as of the time of the relevant state-court decision." *Carey v. Musladin*, — U.S. —, —, 127 S. Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state-court decision is "contrary to" clearly established precedent if the state court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law or if the state court decides a case differently from the Supreme Court "on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state-court decision is an "unreasonable application" of clearly established precedent if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Id.*

To establish deficient performance under the *Strickland* test, the petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689), *cert. denied*, 543 U.S. 1056 (2005). Performance is prejudicial only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined. *See Leal*, 428 F.3d at 548 (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir. 1998)).

Casas alleges ineffectiveness in connection with his guilty plea and sentencing. To prove prejudice for an ineffective-assistance claim in the context of a guilty plea, the habeas petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Bond v. Dretke*, 384 F.3d 166, 168 (5th Cir. 2004). This assessment turns partially on "a prediction of what the outcome of a trial might have been." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994), *cert. denied*, 514 U.S. 1071 (1995). If ineffective assistance is alleged in the state-court noncapital sentencing context, the prejudice component requires a habeas corpus petitioner to demonstrate a reasonable probability that,

absent his counsel's unprofessional errors, the sentence would have been "*significantly* less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993) (emphasis in original); *see also Ward v. Dretke*, 420 F.3d 479, 498 (5th Cir. 2005) (applying the rule in *Spriggs*), *cert. denied*, — U.S. —, 126 S. Ct. 1621 (2006).

Although Casas confessed that he brutally assaulted both victims and further admitted to a lengthy criminal record, he insists that he would have gone to trial but for his counsel's advice that a "severe sentence" would have been the result. The record in this case, which includes gripping testimony from both victims, demonstrates that this assessment was reasonable. As analyzed below, Casas fails to demonstrate that his counsel's performance was deficient or that he was actually prejudiced as a result.

### 1.     The Claim that Counsel Failed to Investigate or Acquire a "Firm Command" of the Facts and the Law

Casas alleges that his counsel was deficient because he lacked a "firm command" of the relevant facts and law. According to the memorandum of law submitted in support of the petition, Casas faults his counsel for failing to advise him as to whether any potential defense applied. (Docket Entry No. 3, at 5). In a related claim, Casas contends that his counsel was deficient for failing to investigate potentially mitigating evidence in preparation for the presentence investigation hearing.

The record contains an affidavit from Casas's trial counsel, describing his investigation of the charges and his communications with Casas about the relevant legal issues:

> I discussed the facts with my client and told him the range of
> punishment for the offense of aggravated robbery.  I reviewed
> the State's file and was familiar with the allegations against my
> client and informed him of those facts.  Every time I talked with
> my client he was very cooperative and never denied his guilt.
> After the recommendation was made by the prosecutor my client
> still maintained that he was guilty of both charges and did not
> want to go to trial.  I explained his options and after a full and
> complete discussion he decided that he wanted to enter a plea of
> guilty and request a PSI [pre-sentence investigation].

*Ex parte Casas*, Nos. 61,449-01 & 61,449-02 at 20 (Affidavit of Robert Scott).  Casas's

counsel explained that he discussed the purpose of a presentence investigation with his client

and told him that he needed information about his background as well as "letters or

statements from any friends or family members that could be considered by the Court that

might help in reducing the punishment." *Ex parte Casas*, Nos. 61,449-01 & 61,449-02 at 20.

Casas did not supply any information about his background or a list of people who could help

him.  *See id.*

The state habeas corpus court found that the facts stated in the affidavit from Casas's

counsel were "true."  *Id.* at 23.  This factual finding by the state court is presumed correct,

and Casas makes no effort to rebut that presumption "by clear and convincing evidence."

28 U.S.C. § 2254(e)(1).  The state habeas corpus court concluded that Casas had failed to

allege facts that would show that he was denied reasonably effective assistance of counsel.

*See Ex parte Casas*, Nos. 61,449-01 & 61,449-02 at 23 (citing *Ex parte Maldonado*, 688

S.W.2d 114, 116 (Tex. Crim. App. 1985)).  The state habeas corpus court determined that

Casas failed to show that he was denied reasonably effective assistance of counsel.  *See id.*

18

In this court, Casas again insists that he was denied effective assistance of counsel in violation of *Strickland* as a result of his counsel's failure to acquaint himself with the facts or to investigate mitigating evidence.  The Supreme Court has emphasized that defense counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.  *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 690-91).  However, a habeas corpus petitioner who alleges a failure to investigate on the part of his counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)).  Although Casas alleges that his counsel should have investigated his "childhood" and a "list of references" that he purportedly provided in connection with the presentence investigation, Casas has not provided a copy of the list of names that he allegedly gave to his counsel.  Casas provides no specific information about what additional investigation would have revealed or how it would have helped his case.  Nor does Casas identify facts showing that he had a valid defense to pursue or that he had any additional mitigating information not presented at the sentencing hearing.

The Fifth Circuit has made clear that conclusory ineffective-assistance claims do not merit federal habeas corpus relief.  *See, e.g.*, *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) ("This Court has made clear that conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding.") (citing *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000)), *cert. denied*, 537 U.S. 1084 (2002); *Green v.*

*Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (holding that the petitioner's conclusory allegations failed to establish a valid ineffective assistance of counsel claim). Because Casas presents no more than a conclusory claim, he fails to demonstrate that his counsel was deficient for failing to investigate or that he was actually prejudiced as a result. *See Collier*, 300 F.3d at 587. Casas has failed to identify a constitutional violation as the result of any failure to investigate on his counsel's part.

The record refutes Casas's claim that his counsel failed to conduct an adequate investigation or to acquaint himself with the facts and the legal issues in this case. A review of the sentencing hearing confirms that both victims identified Casas as the individual who robbed them at knife point. Both women gave emotional testimony about the injuries Casas inflicted during the robberies. *See Court Reporter's Record*, Sentencing, July 12, 2002, at 6-41. Casas's counsel carefully questioned one victim about whether she had a sufficient opportunity to see Casas on the night of the attack. *See id.* at 15-19. Counsel did not ask similar questions of the other victim, whose identification was not subject to dispute and whose testimony was very emotional. *See id.* at 37-41.

In addition, the record shows that Casas's counsel presented mitigating evidence on his client's behalf. In an effort to obtain leniency, defense counsel capably elicited testimony from Casas about his underprivileged childhood, his unstable family life, his mother's involvement with drugs, her imprisonment, and his lack of education. *See id.* at 41-50.

20

Counsel also asked Casas to explain his drug usage and its effect on his conduct.  *See id*. at 50-51.  Under careful questioning by defense counsel, Casas expressed remorse for the harm that he had caused.  *See id.* at 52.  After submitting these mitigating factors for the trial court's consideration, defense counsel argued at length for leniency and for a sentence of no more than fifteen to twenty years in prison.  *See id*. at 68-71.

Casas does not demonstrate that his counsel's performance was deficient because he lacked familiarity with the facts or the applicable law.  Casas further fails to establish that, had his counsel conducted additional investigation into his background, the result of his proceeding would have been different or that his sentence would have been significantly less harsh.  Absent a showing that his counsel was deficient, or that he was actually prejudiced as a result, Casas fails to demonstrate that the state court's decision to reject his claim was contrary to or involved an unreasonable application of the *Strickland* standard.

### 2.      The Claim that Counsel Failed to Request a "Cap"

Casas alleges that his counsel was deficient because he failed to request a "cap" on his potential punishment before the presentence investigation.  In response to this allegation, Casas's counsel responded that he and his client had never discussed a "cap" on his punishment.  *Ex parte Casas*, Nos. 61,449-01 & 61,449-02 at 20.  Casas presents no facts in support of his claim that he was denied effective assistance of counsel because his attorney failed to secure an upper limit on the potential punishment range.  Casas cannot show that criminal defendants who agree to plead guilty without a recommendation from the State of Texas are entitled to a cap within the statutory range of potential punishment.  Casas's

21

conclusory allegations are insufficient to establish a valid ineffective-assistance claim.  *See Collier*, 300 F.3d at 587.  Moreover, the record shows that Casas could have limited his punishment by agreeing to the State's offer of fifty years' imprisonment.  Instead, he elected instead to accept a plea agreement that included no recommendation from the State as to punishment.  It is reasonable to infer from this record that Casas decided to reject the plea offer of fifty years in the hope of receiving a lesser sentence.

Casas has not shown that the state court's decision to reject this claim was contrary to or involved an unreasonable application of clearly established Supreme Court precedent.  Casas is not entitled to a federal writ of habeas corpus on this issue.

### 3.      The Claim that Counsel Failed to Challenge Casas's Confession

Casas alleges that his counsel was deficient because he failed to challenge his confession by filing a motion to suppress.  In his motion for new trial, Casas stated that his confession to both charges against him was involuntary because he was on drugs and had been beaten up by "another individual," who was not a law enforcement officer, before giving the statement.  *See Clerk's Record*, at 44 (Affidavit of Appellant).  Casas's counsel explained in his affidavit to the state court that he reviewed the statements made by his client, but that there was never any indication from Casas that they were involuntary:

> I was given copies of the statements given by Mr. Casas and discussed the contents with him.  He never indicated that the statements were anything other than voluntarily given.  If he had, I would have challenged them.  Mr. Casas never stated that he was under the influence of any narcotics nor was impaired in any way before, during or after giving the statements.  He never told me that he was beaten before he gave the statements.

22

*Ex parte Casas*, Nos. 61,449-01 & 61,449-02 at 20.  The state habeas corpus court rejected this claim, as did the court of appeals, crediting the facts provided by Casas's counsel.  *Id.* at 23.  The state court's findings are entitled to deference.  Casas has not carried his burden to rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  Casas does not allege specific facts showing that he told his counsel about any problem with his confession or that his counsel was aware of, but failed to raise, valid grounds for suppressing his client's inculpatory statements.  Absent a showing that counsel failed to raise a meritorious challenge and that the outcome would have been different, Casas fails to demonstrate deficient performance.  *See Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006) (holding that counsel was not deficient in failing to present a meritless argument) (citation omitted).

The record also defeats any basis for arguing prejudice from counsel's decision not to challenge the confession.  Both victims readily identified Casas as the person who savagely assaulted them with his fists and a knife during the robberies.  *See Court Reporter's Record*, Sentencing, July 12, 2002, at 9, 18, 38.  The presentence investigation report states that there were other witnesses to the robberies who, presumably, would have testified if a trial were necessary.  Casas admitted his guilt at the sentencing proceeding and his identity as the perpetrator is not disputed here.

Casas fails to show that he received ineffective assistance of counsel in connection with any alleged failure to challenge the confession.  None of Casas's arguments show that he was actually prejudiced by any alleged deficiency or that his guilty plea was somehow

rendered invalid as a result. Casas has failed to demonstrate a valid claim for ineffective assistance of counsel. He has failed to show that the state court's decision to reject his claim was contrary to, or involved an unreasonable application of the *Strickland* standard. Because Casas is not entitled to relief under the governing federal habeas corpus statutes with respect to any of his claims, the respondent's motion for summary judgment is granted.

## IV.   Casas's Other Motions

### A.   The Motion to Correspond with Another Inmate

Casas has filed a motion for leave to correspond with another inmate, identified as John Wilburn (TDCJ #898687). (Docket Entry No. 18). Casas explains that he filed his petition with Wilburn's assistance but has since been transferred to another facility.

Inmates do not have a constitutional right to legal assistance from fellow inmates. *See Shaw v. Murphy*, 532 U.S. 223, 225 (2001). Casas has filed a substantive response to the respondent's summary judgment motion, (Docket Entry No. 20), and the record does not demonstrate that he has been denied a meaningful opportunity to reply. To the extent that the request is not moot, the motion for leave to correspond with another inmate is denied.

### B.   The Motion for an Evidentiary Hearing

Casas has filed a motion for an evidentiary hearing in connection with this case. (Docket Entry No. 19). In support of his motion, Casas maintains that he has newly discovered evidence that his trial and appellate counsel were ineffective. The evidence

apparently concerns DNA tests on certain items of evidence.  Because Casas failed to

develop these facts before the state courts, the decision whether to hold an evidentiary

hearing is governed by 28 U.S.C. § 2254(e)(2).  Under this statute, if a petitioner has "failed

to develop the factual basis of a claim in State court proceedings," then the federal habeas

corpus court may hold an evidentiary hearing only if:

> (A)   the claim relies on —
>
> > (i)    a new rule of constitutional law, made retroactive to
> > cases on collateral review by the Supreme Court, that
> > was previously unavailable; or
> >
> > (ii)   a factual predicate that could not have been previously
> > discovered through the exercise of due diligence; and
>
> (B)   the facts underlying the claim would be sufficient to establish by
> clear and convincing evidence that but for constitutional error,
> no reasonable fact-finder would have found the applicant guilty
> of the underlying offense.

28 U.S.C. § 2254(e)(2).  Casas does not attempt to show that he is entitled to an evidentiary

hearing under this statute.  Moreover, Casas has not raised a claim for ineffective assistance

of counsel regarding his appellate counsel (Pat Stallings), and he did not present one at the

state-court level.  Casas, whose guilt has never been contested, does not allege that he is

actually innocent or show how the purported "new" evidence relates to the claims presented

in this case.  The record does not create a fact issue as to the validity of Casas's guilty plea.

Casas fails to establish how any of this alleged new evidence entitles him to relief.

The decision whether to conduct an evidentiary hearing is committed to this court's

discretion.  *See Williams v. Taylor*, 529 U.S. 420, 436 (2000) (stating that it was "Congress'

intent to avoid unneeded evidentiary hearings in federal habeas corpus" proceedings); *Conner v. Quarterman*, — F.3d —, —, 2007 WL 210342, at *6 (5th Cir. 2007) (citing *Roberts v. Dretke*, 381 F.3d 491, 497 (5th Cir. 2004) (citation omitted)).  An evidentiary hearing is not required if there are "no relevant factual disputes that would require development in order to assess the claims."  *Robinson v. Johnson*, 151 F.3d 256, 268 (5th Cir. 1998), *cert. denied*, 526 U.S. 1100 (1999)*.*  "If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require."  Rule 8 of the Rules Governing Section 2254 Cases.  This court has been able to resolve all issues raised in this case based on the pleadings, the state-court record, the trial transcripts, and the exhibits.  Casas's request for an evidentiary hearing is denied.


## V.     A Certificate of Appealability

Under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. If relief is denied based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right. A certificate of appealability will not issue.

## VI.    Conclusion and Order

The respondent's motion for summary judgment (Docket Entry No. 14) is granted. The petitioner's pending motions for permission to correspond with another inmate and for

an evidentiary hearing (Docket Entry Nos. 18, 19) are denied.  The petitioner's application for a writ of habeas corpus is denied.  This case is dismissed, with prejudice.  A certificate of appealability is denied.

SIGNED on March 15, 2007, at Houston, Texas.

Lee H. Rosenthal
United States District Judge